McGREGOR W. SCOTT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VALENTIN MARTINEZ,<br><br>Defendant. | Case No. 1:19-cr-00165-NONE-SKO<br><br>STIPULATION TO CONTINUE CHANGE OF PLEA HEARING; ORDER<br><br>JUDGE: Hon. Dale A. Drozd |

This case is set for a change of plea hearing on March 20, 2020. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). If continued, this Court should designate a new date for the change of plea hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for change of plea on March 20, 2020, at

8:30 a.m.

2. By this stipulation, defendant now moves to continue the change of plea hearing until May 8, 2020, at 8:30 a.m., and to exclude time between March 20, 2020, at 8:30 a.m, and May 8, 2020, at 8:30 a.m.

3. The parties agree and stipulate, and request that the Court find the following:

a) Counsel for defendant desires additional time to review the outstanding plea agreement with his client. The extra time is necessary because of the current COVID-19 pandemic. Specifically, Mr. Martinez is in a high-risk health category for infection due to a number of pre-existing health conditions, including a heart condition, and thus is self-quarantining during the outbreak. Defense counsel needs additional time to discuss the government's current plea offer with his client and obtain his signature.

b) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c) The government does not object to the continuance.

d) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the hearing involves Mr. Martinez, who, as explained above, has high-risk factors because of his medical conditions. In addition, defense counsel is teleworking and minimizing personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 20, 2020, at 8:30 a.m to May 8, 2020, at 8:30 a.m., inclusive, is deemed excludable pursuant to 18

1 | U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court
2 | at defendant's request on the basis of the Court's finding that the ends of justice served
3 | by taking such action outweigh the best interest of the public and the defendant in a
4 | speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

                                               Respectfully submitted,

                                               MCGREGOR SCOTT
                                               United States Attorney

DATED: March 18, 2020                    */s/ Justin J. Gilio*
                                               JUSTIN J. GILIO
                                               Assistant United States Attorney
                                               Attorney for Plaintiff

DATED: March 18, 2020                    */s/ Miles Harris*
                                               MILES HARRIS
                                               Attorney for Defendant Valentin Martinez

# **O R D E R**

**IT IS SO FOUND AND ORDERED** that the change of plea hearing currently scheduled for March 20, 2020, at 8:30 a.m. be continued to **May 8, 2020, at 8:30 a.m.** The time period between March 20, 2020, and May 8, 2020, is excluded under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), for the reasons provided in the parties' stipulation, as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **March 18, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE